## Case No. 15,213.

### UNITED STATES v. GLAB.

[1 McCrary, 166.] [1]

Circuit Court, D. Iowa. Oct., 1876.[2]

INTERNAL REVENUE—LICENSE TO FIRM.

Where a license for carrying on business as brewers was issued to the firm of A. & G. for one year, and before the year expired G. purchased A.'s interest in the business, and continued the business at the same place till the end of the year, and not elsewhere by either partner,—held, no violation of the law.

Error to district court [of the United States for the district of Iowa].

This is a civil action to recover the penalty imposed for carrying on the business of a brewer, without having paid the special tax therefor required by law. The answer sets up former acquittal and general denial. By stipulation, the cause was tried alone upon

1 [Reported by Hon. Geo. W. McCrary, Circuit Judge, and here reprinted by permission.]
2 [Affirmed in 99 U. S. 225.]

the general issue on the following agreed statement of facts: "That on the first day of May, 1874, Glab & Sness, a co-partnership, paid their special tax for carrying on the business of brewers of first class by the said firm, and took proper receipt therefor. That said firm carried on said business thereafter, until the first of August, 1874, when the said firm was dissolved, and the said [Adam] Glab purchased the interest of said Sness in said firm and business of brewing, and thereafter carried on the said business of a brewer of the first class, at the same place, during the remainder of the year covered by said license, viz.: To the first of May, 1875, without having paid a special tax therefor, other than that paid by said firm, and took out no license in his own name." The question raised, therefore, is this: Whether, under the circumstances, said Glab could carry on said business of a brewer at the same place, in his own name, for the remainder of the license year, without the payment of a special tax, in addition to that paid by the firm. The district court gave judgment for the defendant [case unreported], and to reverse this judgment the case is brought by writ of error to this court by the government.

James T. Lane, Dist. Atty., for the United States.

T. S. Wilson, for defendant.

DILLON, Circuit Judge. As the same business was carried on in the same place by Glab, and not elsewhere by either partner; as no new member was introduced into the firm on the dissolution; as there is no express requirement in such a case that a new license shall be taken out by the successor, guided by the provision that "any number of persons doing business as a firm at any one place, shall be required to pay but one special tax" (Rev. St. § 3234); and by the spirit of the analogous cases as to succession in business provided for by section 3241, and influenced by the consideration that the government received its revenue on this business in this place for a year, and is not therefore deprived of any revenue in fact, and that within the limitations of this case no door is open for fraud, I am of opinion that, upon the special facts, the judgment of the district court was right. Affirmed.

[A writ of error was sued out from the supreme court, where the judgment of this court was affirmed. 99 U. S. 225.]